Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

*Attorneys for Plaintiff, the Collective, and the putative Class*

[Additional Counsel Listed Next Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

PATRICIA PADUANI, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

MECHANICS BANK, a California banking corporation; MECHANICS BANCORP, the financial holding company of MECHANICS BANK; and DOES 1 through 10, inclusive,

Defendants.

Case No. 3:26-cv-09296

**CLASS AND COLLECTIVE COMPLAINT FOR VIOLATIONS OF:**

**(1) Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*);**

**(2) Failure to Pay Overtime Wages (Cal. Lab. Code § 510);**

**(3) Failure to Provide and/or Make Available Meal Periods (Cal. Lab. Code §§ 226.7 & 512);**

**(4) Failure to Authorize and Permit Rest Periods (Cal. Lab. Code § 226.7);**

**(5) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.7);**

**(6) Failure to Timely Pay Wages (Cal. Lab. Code § 204);**

**(7) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 1174);**

**(8) Failure to Maintain Accurate Records (Cal. Lab. Code § 1174(d));**

**(9) Failure to Reimburse Business Expenses (Cal. Lab. Code § 2802);**

**(10) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and**

**(11) Failure to Produce Personnel and Payroll Records (Cal. Lab. Code §§ 226, 1198.5, 432.5).**

**DEMAND FOR JURY TRIAL**

Michelle S. Lim (SBN 315691)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
515 S. Figueroa Street, Suite 1060
Los Angeles, California 90071
Telephone: (213) 835-1550
Facsimile: (415) 421-7105
mlim@schneiderwallace.com

Arby Aiwazian (SBN 269827)
**LAWYERS FOR JUSTICE, PC**
450 N Brand Blvd. Suite 900
Glendale, California 91203-2397
Telephone: (818) 265-1020
Fax: (818) 265-1021
aa@calljustice.com

*Attorneys for Plaintiff, the Collective, and the putative Class*

Plaintiff Patricia Paduani ("Plaintiff"), on behalf of herself and all others similarly situated individual Collective and Class Members, alleges as follows:

**INTRODUCTION**

1. Plaintiff Patricia Paduani ("Plaintiff") brings this action on behalf of herself and other similarly situated individuals who have worked for Mechanics Bank or Mechanics Bancorp (collectively "Defendants") as non-exempt, hourly employees to challenge Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and California state wage and hour laws.

2. This is a class and collective complaint against Defendants to challenge their policies and practices of: (1) failing to pay Plaintiff, Collective, and Class Members overtime wages as for hours worked over eight hours in a day and/or forty hours in a week; (2) failing to provide or make available to Plaintiff, Collective, and Class Members the meal periods to which they are entitled by law, and failing to pay premium compensation payment for non-compliant meal breaks; (3) failing to authorize and permit rest periods, and failing to pay premium compensation payment for non-compliant rest periods to Plaintiff, Collective, and Class Members; (4) failing to pay Plaintiff, Collective, and Class Members minimum wage, overtime wages, and straight time wages for all hours worked; (5) failing to timely pay all wages timely throughout employment Plaintiff, Collective, and Class Members; (6) failing to provide Plaintiff, Collective, and Class Members with timely, accurate, itemized wage statements; (7) failing to maintain accurate pay and personnel records; (8) failing to reimburse for necessary business expenses; (9) engaging in unfair business practices; and (10) failing to produce personnel and payroll records.

3. Plaintiff and Collective Members are current and former employees who worked for Defendants as non-exempt hourly employees throughout the United States. Plaintiff and Class Members are current and former employees who worked for Defendants as non-exempt hourly employees throughout the State of California.

4. Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

5. Plaintiff also seeks full compensation on behalf of herself, the Collective, and Class Members for all unpaid wages, including unpaid overtime. Plaintiff also seeks declaratory relief. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA and under California law, and seeks damages in an amount that exceeds $75,000.00, as well as other relief requested herein.

## PARTIES

6. Plaintiff Patricia Paduani ("Plaintiff") is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

7. Plaintiff is a current hourly non-exempt employee of Defendants and started working for Defendants on approximately August 8, 2025, in Defendants' Albany, Berkeley, Lafayette, Napa, San Francisco, San Rafael, and Sonoma Branch locations in California.

8. Plaintiff is informed, believes, and thereon alleges that Mechanics Bank is a California banking corporation, with its principal place of business in Walnut Creek, California. Mechanics Bank is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff, Collective, and Class Members in the United States of America, including in California. Mechanics Bank may be served with process by serving its registered agent in California, Agent for Service of Process, 17785 Center Court Dr. N, Suite 400, Cerritos, CA 90703.

9. Plaintiff is informed, believes, and thereon alleges that Mechanics Bancorp is the financial holding company of Mechanics Bank with its principal place of business in Walnut Creek, California. Mechanics Bancorp is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff, Collective, and Class Members in the United States of America, including in California. Mechanics Bancorp may be served with process by serving its registered agent in California, CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, California 91203.

10. The true names and capacities of the Defendants sued in the Complaint under the fictitious name of DOES 1-10 are unknown to Plaintiff who therefore sues Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when

ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

11. Hereinafter, Defendants and DOES 1 through 10 are collectively referred to as "Defendants."

12. Defendants employ and/or employed Plaintiff, Collective, and Class Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff, Collective, and Class Members.

13. Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercise control over Plaintiff, Collective, and Class Members with respect to their employment.

14. Upon information and belief, Mechanics Bancorp is responsible for the work rules and directions governing the manner, means, and methods of performance of duties and the grounds for disciple for Plaintiff, Collective, and Class Members. Mechanics Bancorp establishes their work expectations through the Employee Handbook they provide to Plaintiff, Collective, and Class Members at the start of employment. Mechanics Bank supervises the performance of these duties performed by Plaintiff, Collective, and Class Members during their day-to-day operations. Mechanics Bank establishes day-to-day performance expectations through the Opening and Closing Procedure Handbook, along with other policies and handbooks, they provide Plaintiff, Collective, and Class Members at the start of employment. Mechanics Bank is responsible for the scheduling of Plaintiff, Collective, and Class Members' work hours at their branch locations. At all times relevant, Defendants have authority to control essential terms and conditions of employment for Plaintiff, Collective, and Class Members.

15. Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendants were the agents and employees of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

16. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to Defendants Mechanics

Bancorp, Mechanics Bank, and DOES 1 through 10, inclusive, acting through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control. Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercised control over Plaintiff, Collective, and Class Members.

17. Plaintiff is informed, believes, and thereon alleges that Defendants directly or indirectly control the operations of their agents, managers, and employees throughout all of their work locations across the United States, including in California.

18. Plaintiff is informed, believes, and thereon alleges that Defendants in some manners intentionally, negligently, or otherwise are responsible for the acts, omissions, occurrences, and transactions alleged herein.

19. At all material times, Defendants are an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

20. At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

21. Plaintiff, Collective, and Class Members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

22. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because Defendants have and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23. Defendants act as employers of Plaintiff, Collective, and Class Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

24. Here, Defendants have, and continue to have, an annual gross business volume of not less than $500,000.00, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

25. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they provide goods and services across the country and conduct business deals with

businesses across state lines.

26. At all relevant times, Defendants, known and unknown, have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class Members in this judicial district. At all relevant times, each Defendant is a "person" as defined in Cal. Lab. Code § 18 and Cal. Bus. & Prof. Code § 17201. Each Defendant is also an "employer" within the meaning of the Labor Code and IWC Wage Orders.

27. At all material times, Plaintiff, Collective, and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**SUBJECT MATTER JURISDICTION AND VENUE**

28. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

29. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times, Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Northern District of California judicial district, and Defendants Mechanics Bancorp and Mechanics Bank are headquartered in this District.

**FACTUAL ALLEGATIONS**

30. Mechanics Bank is a banking corporation that serves 166 branches spanning from San Diego to Seattle across the West Coast providing their clients' banking and lending needs, and are headquartered in Walnut Creek, California. Mechanics Bank offers services including personal banking, business banking, trust and estate services, private banking and wealth management services.

31. Mechanics Bancorp is the financial holding company of Mechanics Bank, headquartered in Walnut Creek, California. The Employee Handbook and Code of Conduct as applicable to Plaintiff, the putative Class Members, and Collective Members explain Defendants' uniform policies and practices regarding Defendants' timekeeping practices, pay practices, and other policies and practices applicable to Plaintiff, the putative Class Members, and Collective Members. These policies and practices are adopted by the Board of Directors of Mechanics Bancorp to provide

direction and instruction to employees, officers, and directors of Mechanics Bancorp and its subsidiaries, including Mechanics Bank.

32. Plaintiff is a current hourly non-exempt employee of Defendants and started working for Defendants on approximately August 8, 2025. Plaintiff has worked for Defendants in their Albany, Berkeley, Lafayette, Napa, San Francisco, San Rafael, and Sonoma Branch locations in California.

33. Plaintiff's current position is a Floating Universal Banker. Plaintiff is assigned to the Napa Branch as her "home base branch," but Plaintiff's position often involves traveling to, or starting at, other branch locations as well. Plaintiff's role involves traveling to other branches, including the Albany, Berkeley, Lafayette, San Francisco, San Rafael, and Sonoma Branch locations in California. She is compensated at an hourly rate of $26.00 per hour.

34. Although Plaintiff's shifts vary in length, she typically works at least eight (8) hours per shift, five (5) shifts per week. Plaintiff works approximately forty (40) hours or more per week.

35. Plaintiff, Collective, and Class Members were subjected to Defendants' time, pay, and overtime policies and practices.

36. Plaintiff and Class Members were subjected to Defendants' meal and rest break policies and practices.

37. Defendants fail to provide Plaintiff and Class Members the required meal and rest periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties. When Plaintiff and Class Members work over ten (10) hours in a workday, they do not receive their required second meal periods. For example, when Plaintiff was required by Defendants to travel from branch to branch while off-the-clock and/or perform opening security checks before her scheduled shifts and while off-the-clock, such additional time worked would further require Plaintiff to work over ten (10) hours in a workday. Plaintiff was generally denied an opportunity to take a second meal period as required under California law and was not provided premium payments for such missed meal periods. As a result, Plaintiff and Class Members are not provided duty-free, uninterrupted, and timely second thirty-minute meal periods during which they are completely relieved of any duty by

the end of the tenth hour of work. Plaintiff and Class Members do not receive requisite pay for these non-compliant meal breaks.

38. Defendants know or should know that Plaintiff and Class Members are entitled to receive all rest periods or payment of one additional hour of pay at the regular rate of pay when a rest period was missed, and they do not receive all rest periods or payment of one additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest period was missed. Throughout this relevant time period, Defendants require and expect Plaintiff and Class Members to remain available for work throughout the duration of their shifts, including during periods of their rest breaks. Furthermore, Defendants directed and continue to direct Plaintiff and Class Members not to take rest breaks regardless of customer volume. For example, Defendants directed Plaintiff, and Class Members not to take rest breaks during periods of low customer volume, asserting that employees were not entitled to rest breaks when business was slow because they were not required to work as hard. As a result, Plaintiff and Class Members are not provided with duty-free, uninterrupted, and timely thirty-minute meal periods and ten-minute rest periods, as they are entitled to under the law.

39. Defendants routinely require Plaintiff, Collective, and Class Members to perform work off-the-clock and without compensation. For example, Plaintiff, Collective, and Class Members are regularly required to arrive prior to their scheduled start time to perform security checks of the building and ATMs, as well as other work-related opening tasks prior to clocking in. As a result of Defendants' policies and practices, Plaintiff, Collective, and Class Members were deprived of minimum wage compensation for all hours worked, including performing mandatory opening shift tasks for approximately fifteen (15) minutes if not more, prior to being allowed to clock in to start their shift. Additionally, Plaintiff, Collective, and Class Members were also required by Defendants to travel from branch to branch and perform other work while off-the-clock. This time spent working while off-the-clock goes unrecorded and uncompensated even though it should be compensated at minimum wage and/or overtime rates under California law, and federal law giving rise to minimum wage and overtime violations. For example, during or around the month of February 2026, Plaintiff performed work-related security checks and opening tasks prior to being

allowed to clock in and did not receive compensation for all hours worked and/or overtime wages for this work completed off-the-clock.

40. Defendants' failure to timely pay wages was/is willful and/or intentional.

41. Ultimately, Defendants do not compensate Plaintiff, Collective, and Class Members for this time worked by employees for Defendants' benefit.

42. In addition, Defendants require Plaintiff and Class Members to routinely use their personal cell phones for work related communications. For example, Defendants directed Plaintiff to keep her managers updated on her arrival time to other branch locations through her personal cell phone but was not reimbursed for the usage of her personal cell phone. Defendants do not reimburse Plaintiff and Class Members for the use of their personal cell phones in the performance of their work duties.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendants know or should know that Plaintiff and Class Members are entitled to receive all wages owed to them during their employment. Plaintiff and Class Members do not receive payment of all wages, including overtime and minimum wages, and meal and rest period premiums, within the time permissible under Cal. Lab. Code § 204.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendants know or should know that Plaintiff and Class Members are entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they do not receive complete and accurate wage statements from Defendants. As a result of Defendants' common course of wage-and-hour violations, Plaintiff and Class Members have been provided with untrue and inaccurate wage statements as such statements do not include payment for all hours worked, including minimum wages and overtime, and premium pay for non-compliant meal and rest breaks.

45. Plaintiff is informed and believes, and based thereon alleges, that Defendants know or should know that Defendants must keep complete and accurate payroll records for Plaintiff, Collective, and Class Members in accordance with California law, but, in fact, do not keep complete and accurate payroll records.

46. Plaintiff is informed and believes, and based thereon alleges, that Defendants know

or should know that Plaintiff and Class Members are entitled to reimbursement for necessary expenses incurred in accordance with California law, but, in fact, do not reimburse Plaintiff and Class Members for their personal cellphone use for work-related communications. Defendants failed to reimburse Plaintiff and Class Members for this necessary business expense.

47. Defendants set the firing and hiring criteria at locations under their control. Defendants advertise for open positions, including non-exempt hourly positions throughout the United States.

48. Collective and Class Members were and are employed by Defendants and perform work materially similar to Plaintiff.

49. Plaintiff, Collective, and Class Members report to work locations owned, operated, or managed by Defendants to perform their jobs.

50. Plaintiff, Collective, and Class Members perform their jobs under Defendants' supervision and use materials and technology approved and supplied by Defendants.

51. Plaintiff, Collective, and Class Members are required to follow and abide by Defendants' common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

52. Defendants pay Plaintiff, Collective, and Class Members on an hourly rate basis.

53. At the end of each pay period, Plaintiff, Collective, and Class Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

54. Plaintiff, Collective, and Class Members worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

55. Plaintiff and Class Members worked more than forty hours in at least one workweek and/or more than eight hours in at least one workday during the four years before this Complaint was filed.

56. When Plaintiff, Collective, and Class Members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate for all overtime hours worked due to Defendants' failure to include time worked off-the-clock in the total

hours worked in a given workweek. This unpaid time is compensable at an overtime rate under the FLSA and California state wage and hour laws, because Plaintiff, Collective, and Class Members were not compensated for all time worked due to work completed for the benefit of Defendants while off-the-clock.

57. When Plaintiff, Collective, and Class Members performed work, Defendants failed to pay them overtime and/or double time wages due to Defendants' failure to include time for work done outside of their normal shift times or "off-the-clock" primarily for the employers' benefit as described herein. This unpaid time for work performed outside of their normal shift times constitutes compensable overtime and/or double time wages under the FLSA and California state wage and hour laws because Plaintiff, Collective, and Class Members.

58. Throughout the relevant time period, Defendants expected and required Plaintiff, Collective, and Class Members to regularly work in excess of eight (8) hours a day or in excess of forty (40) hours a week when factoring in the off-the-clock work addressed herein. This unpaid time for work performed by Plaintiff, Collective, and Class Members constitutes compensable overtime wages under the FLSA and California state wage and hour laws, but this time was unpaid and not properly recorded.

59. Defendants have employed hundreds of people similarly situated to Plaintiff during the three-year period prior to the filing of this Complaint.

60. Defendants' method of paying Plaintiff, Collective, and Class Members was willful, and they cannot demonstrate a good faith basis as to the belief that their conduct of underpaying wages complied with the FLSA and the California Labor Code.

61. Defendants knew or should have known that their policies and practices are unlawful and unfair.

62. Defendants' conduct is willful, carried out in bad faith, and has caused significant damages to Plaintiff, Collective, and Class Members in an amount to be determined by the Court.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

63. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collection action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed collection of similarly situated

employees defined as:

> **All current and former non-exempt employees, including universal floating bankers, bankers, and other similarly situated individuals, who worked at least one full-time work week for Defendants Mechanics Bank and Mechanics Bancorp throughout the United States during the time period starting three years prior to the filing of the original Complaint until resolution of this action ("the Collective").**

64. Plaintiff, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to join the collective may be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

65. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

66. The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

67. Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests as well as her own interest in bringing this action.

68. Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

69. The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

70. Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt-in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA Collective Members who timely request inclusion in the class.

## CLASS ACTION ALLEGATIONS

71. Plaintiff brings this case as a class action on behalf of herself, and all others similarly situated, and, thus, seeks class certification under Cal. Code Civ. Proc. § 382. The Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly non-exempt employees, including universal floating bankers, bankers, and other similarly situated individuals, who worked for Defendants Mechanics Bank and Mechanics Bancorp in California during the time period starting four years prior to the filing of the original Complaint until resolution of this action ("the Class").**

72. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

a. **Numerosity**: The potential members of the Class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds 100. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited

to:

i. Whether Defendants failed to compensate Class Members for all hours worked, including at minimum wage and as overtime compensation, in violation of the California Labor Code and Wage Order 4, and all other applicable IWC Wage Orders;

ii. Whether Defendants have a policy and/or practice of requiring Class Members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

iii. Whether Defendants failed to make available or provide Class Members with compliant meal periods to which they are entitled in violation of the California Labor Code and Wage Order 4, and all other applicable IWC Wage Orders;

iv. Whether Defendants failed to authorize and permit, make available, and/or provide Class Members with compliant rest periods to which they are entitled in violation of the California Labor Code and Wage Order 4, and all other applicable IWC Wage Orders;

v. Whether Defendants failed to provide Class Members with timely, accurate itemized wage statements in violation of the California Labor Code and Wage Order 4, and all other applicable IWC Wage Orders;

vi. Whether Defendants have violated Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by:

1. failing to compensate Plaintiff and Class Members for all hours worked, including at minimum wage and overtime, and at the correct overtime rate;

2. failing to authorize and permit, make available, and/or provide Plaintiff and Class Members with compliant meal and rest periods to which they are entitled and/or failing to pay appropriate

penalties required under the California Labor Code;

3. failing to provide Plaintiff and Class Members with all wages owed during employment; and

4. the proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Class as alleged herein.

c. **<u>Typicality</u>**: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **<u>Adequacy of Representation</u>**: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

e. **<u>Superiority of Class Action</u>**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

73. The Class may also be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendants.

74. If each individual Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial and legal resources.

75. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime**

**Pursuant to 29 U.S.C. §§ 201, *et seq*.**

**(Against Defendants – On Behalf of Plaintiff and the Collective)**

76. Plaintiff alleges and incorporates the foregoing paragraphs as though fully set forth herein.

77. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a)(1).

78. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

79. Defendants are covered employers required to comply with the FLSA's mandates.

80. Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work. See 29 U.S.C. § 207(a), (g); 29 C.F.R. § 531.35. Defendants also violated the FLSA by failing to keep required accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

81. For example, Plaintiff and the Collective are required to perform pre-shift opening tasks such as security checks of the buildings, the equipment, as well as disarming the alarms and

other opening security checks before being allowed to clock in to their scheduled shifts. By way of example, on or around February 2026, Plaintiff was instructed to arrive at Defendants' facility before her scheduled start time and perform opening security checks, despite not being clocked in during that time.

82. Furthermore, Plaintiff and the Collective are required to travel between different branch locations, but not all of this travel time gets recorded. For example, Defendants did not allow Plaintiff and the Collective to record their time worked while driving to different branch locations or while performing opening tasks prior to clocking in. As a result, this time goes unrecorded and uncompensated, depriving Plaintiff and the Collective of receiving wages for all hours worked, including overtime wages.

83. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy and practice. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

84. These violations are continuing and ongoing.

85. Plaintiff and the Collective are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

86. Defendants act neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

87. As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

88. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**Pursuant to Cal. Lab. Code § 510**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

89. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

90. Defendants do not compensate Plaintiff and Class Members with the appropriate overtime rate, as required by California law. For instance, Plaintiff and Class Members do not receive overtime compensation for time performing pre-shift security tasks while off the clock, including but not limited to, performing security checks of ATMs, performing a walk-through of the office to make sure there is no one else in the building, disarming the alarm, and waiting to clock in until thirty (30) minutes before the branch's opening time. This process takes approximately fifteen (15) minutes from walking through Defendants' facilities before being allowed to clock in, performing work-related tasks for the benefit of Defendants while clocked out when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

91. Additionally, Defendants do not compensate Plaintiff and Class Members with the appropriate overtime rate, as required by California for the time it takes them to travel between different branch locations on days when the hours worked are in excess of (8) hours per day and forty (40) hours per week.

92. Cal. Lab. Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

93. The IWC Wage Order 4-2001(3)(A)(1) states:

> The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of

> labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

94. Cal. Lab. Code § 1194(a) provides that:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

95. Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

96. Defendants' policies and practices requiring Plaintiff and Class Members to perform work off-the-clock are unlawful and result in overtime violations. As a result of these unlawful policies and practices, Plaintiff and Class Members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Cal. Lab. Code, the applicable IWC Wage Orders, and other applicable law.

97. Defendants have knowingly and willfully refused to perform their obligations to provide Plaintiff and Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and Class Members in amounts to be determined according to proof at time of trial.

98. These violations are continuing and ongoing.

99. Defendants are liable to Plaintiff and Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

100. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**Failure to Provide and/or Make Available Meal Periods**

**Pursuant to Cal. Lab. Code §§ 226.7 and 512**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

101. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

102. At all relevant times, the IWC Orders and Cal. Lab. Code §§ 226.7 and 512(a) were applicable to Plaintiff's and the other Class Members' employment by Defendants.

103. At all relevant times, Cal. Lab. Code § 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

104. At all relevant times, the applicable IWC Wage Order and Cal. Lab. Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee. Unless the employee is relieved of all duties during the thirty (30) minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

105. At all relevant times, the applicable IWC Wage Order and Cal. Lab. Code § 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

106. Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that

the meal period was not authorized and permitted.

107. Despite these requirements, Defendants knowingly and willfully refuse to perform their obligations to authorize and permit and/or make available to Plaintiff and Class Members the ability to take the off-duty meal periods to which they are entitled.

108. Plaintiff and Class Members would not receive their required second meal period when working shifts in excess of ten (10) hours. For example, because Defendants did not allow Plaintiff to record all hours worked for time worked while driving to different branch locations or while performing opening tasks prior to clocking in, Plaintiff would work in excess of ten (10) hours and yet was not provided with second meal periods nor an accompanying meal period premium payment. As a result, Plaintiff and Class Members are regularly not provided with duty-free, uninterrupted, and timely second thirty (30) minute meal periods before the end of the tenth hour of work.

109. Defendants fail to pay Plaintiff and Class Members one (1) hour of pay for each off-duty meal period that they are denied. Defendants' conduct described herein violates the applicable IWC Wage Order and Cal. Lab. Code §§ 226.7 and 512.

110. Upon information and belief, Defendants' conduct has been substantially the same at all relevant times and to all Class Members throughout the State of California.

111. These violations are continuing and ongoing.

112. Defendants have also failed to pay Plaintiff and Class Members one (1) hour of pay for each day an off-duty meal period was denied. Defendants' conduct described herein violates Cal. Lab. Code §§ 226.7 and 512. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class Members are entitled to compensation for the failure to provide or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

113. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

114. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**Failure to Authorize and Permit Rest Periods**

**Pursuant to Cal. Lab. Code § 226.7**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

115. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

116. Cal. Lab. Code § 226.7 and the applicable Wage Orders requires Defendant to authorize and permit rest periods to their employees. Cal. Lab. Code § 226.7 and the applicable Wage Orders require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on-duty" and the rest period is counted as time worked under the applicable Wage Orders.

117. Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was nor authorized and permitted and/or not made available.

118. Despite these requirements, Defendants knowingly and willfully refuse to perform their obligations to authorize and permit and/or make available to Plaintiff and Class Members the ability to take the off-duty rest periods to which they are entitled. Much like the reasons that Plaintiff and Class Members are denied compliant meal periods to remain on duty through their second meal period, Plaintiff and Class Members do not receive compliant rest periods because Defendants instruct them to take their rest periods late or completely work through rest periods when customer volume is low, asserting there is no need for employees to take rest breaks because they are not required to work as hard when there are little to no customers during that time.

119. As a result of Defendants' policies and practices, Plaintiff and Class Members are routinely denied the opportunity to take legally compliant rest periods. Plaintiff is informed, believes, and thereon alleges that this policy and practice applies to all Class Members.

120. Defendants also fail to pay Plaintiff and Class Members one (1) hour of pay for each off-duty rest period that they are denied. Defendants' conduct described herein violates Cal. Lab. Code § 226.7.

121. Upon information and belief, Defendants' conduct has been substantially the same at all relevant times for all Class Members throughout the State of California.

122. These violations are continuing and ongoing.

123. Pursuant to applicable IWC Wage Order and Cal. Lab. Code § 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the compliant rest period is not provided.

124. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**

**Failure to Pay Minimum Wages**

**Pursuant to Cal. Lab. Code §§ 1194, 1197, 1197.1**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

125. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

126. As a matter of common policy and/or practice, Defendants regularly fail to pay Plaintiff and Class Members at least minimum wage for all hours worked. Defendants regularly require Plaintiff and Class Members to perform uncompensated and unrecorded work, outside of scheduled shifts, including work performed prior to clocking in and traveling between different branch locations. Plaintiff and Class Members also perform uncompensated work while off-the-clock every week performing pre-shift security checks of the exterior and interior of their facilities lasting approximately fifteen (15) minutes for the benefit of Defendants. Furthermore, Plaintiff and Class Members work numerous uncompensated hours off-the-clock every week traveling to different branch locations while off-the-clock for the benefit of Defendants. At the same time, Defendants refuse to record this time as all hours worked and refuse to compensate Plaintiff and Class Members earned wages at all for this work.

127. At all relevant times, Cal. Lab. Code §§ 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

128. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other Class Members as required, pursuant to Cal. Lab. Code §§ 1194, 1197, and 1197.1 due to failure to include all hours worked.

129. Defendants' failure to pay Plaintiff and the other Class Members the minimum wage as required violates Cal. Lab. Code §§ 1194, 1197, and 1197.1.

130. These violations are continuing and ongoing.

131. Pursuant to Cal. Lab. Code §§ 1194, 1194.2, 1197, and 1197.1, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, attorneys' fees, penalties, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

132. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**

**Failure to Timely Pay Wages**

**Pursuant to Cal. Lab. Code § 204**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

133. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

134. At all times herein set forth, Cal. Lab. Code § 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

135. At all times herein set forth, Cal. Lab. Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

136. At all times herein set forth, Cal. Lab. Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

137. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other Class Members all wages due to them, within the time period permissible under Cal. Lab. Code § 204.

138. These violations are continuing and ongoing.

139. Plaintiff and the other Class Members are entitled to recover all remedies available for violations of Cal. Lab. Code § 204.

140. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**

**Failure to Provide Timely and Accurate Itemized Wage Statements**

**Pursuant to Cal. Lab. Code §§ 226 and 1174**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

141. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

142. At all material times set forth herein, Cal. Lab. Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and his or her social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three (3) years at the place of

employment or at a central location within the State of California.

143. Defendants have intentionally and willfully failed to provide Plaintiff and the other Class Members with complete and accurate wage statements. The deficiencies include, but are not limited to, the failure to include all gross and net wages earned including premium payments for overtime, noncompliant meal and rest periods, the total number of hours worked, and all applicable hourly rates in effect.

144. As a result of Defendants' violation of Cal. Lab. Code § 226(a), Plaintiff and the other Class Members have suffered injury and damage to their statutorily protected rights.

145. More specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional and willful violation of Cal. Lab. Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to Cal. Lab. Code § 226(a).

146. These violations are continuing and ongoing.

147. Plaintiff and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Cal. Lab. Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

148. Plaintiff and the other Class Members are also entitled to injunctive relief to ensure compliance with this section, pursuant to Cal. Lab. Code § 226(h).

149. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

**Failure to Maintain Accurate Records**

**Pursuant to Cal. Lab. Code § 1174(d)**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

150. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

151. Pursuant to Cal. Lab. Code § 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned

by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission; but, in any case, shall be kept on file for not less than two (2) years.

152. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiff and the other Class Members.

153. More specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional and willful violation of Cal. Lab. Code § 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to Cal. Lab. Code § 1174(d).

154. These violations are continuing and ongoing.

155. Plaintiff and the other Class Members are entitled to recover all remedies available for violations of Cal. Lab. Code § 1174.

156. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION

**Failure to Reimburse Business Expenses**

**Pursuant to Cal. Lab. Code § 2802**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

157. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

158. Pursuant to Cal. Lab. Code § 2802, an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions believed them to be unlawful. […]."

159. Defendants failed to provide Plaintiff and Class Members reimbursement for all necessary expenditures or losses incurred by Plaintiff and Class Members, including those incurred through the use of their personal cellphones for work-related purposes, in direct consequence of the

discharge of their duties, or as a result of their obedience to the directions of Defendants.

160. These violations are continuing and ongoing.

161. Plaintiff and the other Class Members are entitled to recover all remedies available for violations of Cal. Lab. Code § 2802.

162. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## TENTH CAUSE OF ACTION

**Unlawful Business Practices**

**Pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*.**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

163. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

164. The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

165. Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

166. Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

167. Beginning at an exact date unknown to Plaintiff, but at least since the date four (4) years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. violations of Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, 1198 and applicable IWC Wage Orders pertaining to payment of wages, including minimum wage, for all hours worked;

b. violations of Cal. Lab. Code §§ 226.7 and 512 and applicable Wage

Orders pertaining to meal breaks;

c. violations of Cal. Lab. Code §§ 226.7 and applicable Wage Orders pertaining to rest breaks;

d. violations of Cal. Lab. Code §§ 201-204; and

e. violations of Cal. Lab. Code § 2802.

168. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

169. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

170. Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

171. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

172. Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and Class Members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owed to them.

173. Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

174. These violations are continuing and ongoing.

175. There is a financial burden involved in pursuing this action. The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

176. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**ELEVENTH CAUSE OF ACTION**

**Failure to Produce Personnel and Payroll Records**

**Pursuant to Cal. Lab. Code §§ 1198.5, 432, 226**

**(Against Defendants – On Behalf of Plaintiff)**

177. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

178. Cal. Lab. Code § 1198.5(a) states that "[e]very current and former employee, or their representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." "The employer shall make the contents of those personnel records available for inspection . . . not later than 30 calendar days from the date the employer receives a written request" unless the parties agree in writing to a date beyond 30 calendar days." *Id.* § 1198.5(b)(1). If an employer fails to permit an employee or their representative to inspect or copy personnel records within the time specified by § 1198.5, the employee may recover a penalty of $750 from the employer. *Id.* § 1198.5(k).

179. Cal. Lab. Code § 432 states: "If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he [or she] shall be given a copy of the instrument upon request." Documents covered by § 432, including potential employment agreements, are also covered by Cal. Lab. Code § 1198.5.

180. Cal. Lab. Code § 226(c) states, in part: "An employer who receives a written or oral request to inspect or receive a copy of records [pertaining to a current or former employee's pay records] shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request." If the employer fails to comply with this written request for pay records

within that 21-day time period, such failure "entitles the current or former employee . . . to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." *Id.* § 226(f).

181. On May 6, 2026, pursuant to Cal. Lab. Code §§ 1198.5, 432, and 226, Plaintiff sent Defendant a written request for her personnel records, payroll records, and copies of any documents signed by Plaintiff relating to the obtaining or holding of employment, via certified mail. Defendant did not produce any records within the applicable 30- and 21-day time limits, nor did it request an extension of time.

182. Accordingly, Plaintiff is entitled to recover $750 for Defendant's failure to make her personnel records and any written instruments available to Plaintiff within 30 days of receiving the written request, and an additional $750 for Defendant's failure to make her payroll records available within 21 days of receiving the written request. Plaintiff is also entitled to recover her reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 1198.5(1).

183. Wherefore, Plaintiff requests relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Damages and restitution according to proof at trial for all unpaid wages and other injuries, including as provided by the FLSA, the Cal. Lab. Code, Cal. Bus. & Prof. Code, and common law;

b. For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

c. For a declaratory judgment that Defendants have violated Cal. Bus. & Prof. Code §§ 17200, *et seq*., as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

d. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e. For an order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

individuals;

f. For an order certifying this case as a class action under Cal. Code Civ. Proc. § 382;

g. For an order finding that Defendants violated the FLSA;

h. For an order finding that Defendants violated the FLSA willfully;

i. All unpaid wages due under the FLSA;

j. An equal amount as liquidated damages as allowed under the FLSA or, alternatively, pre-judgment interest;

k. Post-judgment interest;

l. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

m. For an order awarding Plaintiff, Collective, and Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff, Collective, and Class Members, together with interest on these amounts, according to proof;

n. For an order awarding Plaintiff, Collective, and Class Members civil penalties pursuant to the California Labor Code, and provisions cited herein, with interest thereon;

o. For an award of reasonable attorneys' fees as provided by the FLSA, the Cal. Lab. Code, Cal. Code Civ. Proc. § 1021.5, and/or other applicable law;

p. For all costs of suit;

q. For interest as provided by applicable law; and

r. For such other and further relief as this Court deems just and proper.

Dated: September 1, 2026

Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein

Michelle S. Lim
**SCHNEIDER WALLACE COTTRELL KIM LLP**

Arby Aiwazian
**LAWYERS FOR JUSTICE, PC**

*Attorneys for Plaintiff, the Collective, and the putative Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: September 1, 2026

Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
**SCHNEIDER WALLACE COTTRELL KIM LLP**

Arby Aiwazian
**LAWYERS FOR JUSTICE, PC**

*Attorneys for Plaintiff, the Collective, and the putative Class*